■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD E. EADE, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the police used a "reverse sale" law enforcement technique which resulted in his arrest for criminal possession of a controlled substance. Here, the police merely intercepted the courier, discovered the cocaine and thereafter accompanied the courier as he completed delivery of the cocaine to defendant pursuant to a prearranged plan. Under these facts, no "reverse sale" occurred. Consequently, we need not address defendant's contention that a "reverse sale" law enforcement technique with respect to controlled substances is not authorized under New York law.

Further, we reject defendant's argument that here the police activities violated his right to due process of law under our State Constitution (see, NY Const, art I, § 6), since the police conduct was neither improper, illegal nor egregious (cf., People v Isaacson, 44 NY2d 511).

Finally, no person having standing to do so has challenged the propriety of the stop of the vehicle, and thus, no record for appellate review of this issue is before us. (Appeal from judgment of Cattaraugus County Court, Feeman, J.—criminal possession of controlled substance, second degree.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.